DAUKSCH, Judge,
dissenting:
I respectfully dissent.
In my opinion the circuit court acting in its appellate capacity departed from the essential requirements of law and we should issue our writ of certiorari and quash that appellate decision. In ruling as it did the circuit court specifically held that a landlord is entitled to evict a tenant under the provisions of Section 796.02,[1] Florida Statutes (1977) notwithstanding the tenant was not convicted under Section 796.01, Florida Statutes (19.77) even though the statute clearly requires such conviction.[2] It goes without saying, almost, that appellate courts cannot rewrite the law and that is exactly what the circuit court has done. That sole appellate judge held “the word convicted should be given its broader meaning to cover the situation when a lessee has been ‘criminally convicted’ as well as ‘civilly convicted’, to uphold the manifest intent of the legislature.” The concept of a “civil conviction” such as this is unheard of. The “civil conviction” the circuit judge refers to is a finding by another circuit judge, in another related case, that the tenant was guilty of maintaining a place of lewdness on the subject premises. This finding by another circuit judge in another civil case falls woefully short of the usual definitions of what it takes to amount to a “conviction.” For instance, the degree of proof on the civil side is less than “beyond a reasonable doubt” required for a conviction. Also in the civil injunctive relief proceeding, which the other circuit judge was trying, no jury was provided nor, indeed, permitted since it was an action formerly cognizable in equity. To say such a thing as “civil conviction” equals the statutorily required conviction of the offense is wrong, departs from the essential requirements of the law and should be quashed. I should note finally that the finding of the other circuit judge was still on appeal when the circuit court entered its appellate order here and that is mentioned in that appellate “order & mandate.” It is still here on appeal.

. 796.02 Lease of house to expire on conviction. — When the lessee of a dwelling is convicted of the offense mentioned in the preceding section, the lease or contract for letting the house shall, at the option of the lessor, become void, and the lessor shall have the like remedy to recover the possession as against a tenant holding over after the expiration of his term.

. 796.01 Keeping house of ill fame. — Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.-083.